# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF IDAHO

| | |
|---|---|
| In Re:<br><br>SHANNON ROSE FASANO,<br><br>      Debtor. | Bankruptcy Case<br>No. 20-00372-JMM |
| GARY L. RAINSDON,<br><br>      Plaintiff,<br><br>v.<br><br>KRISTOPHER GRANT,<br><br>      Defendant. | Adv. Proceeding<br>No. 21-06005-JMM |

## MEMORANDUM OF DECISION

### Introduction

Plaintiff commenced this adversary proceeding to collect on a promissory note. The Court conducted a trial at which Debtor and Plaintiff testified, but Defendant refused to testify under oath. On January 10, 2023, the Court entered a Memorandum Decision, finding in favor of the Plaintiff and against Defendant and entered Judgment in the principal amount of $31,250, accrued interest of $2,081.42 and penalties in the amount of $1.562.50. Doc. Nos. 73 & 77. In finding in favor of Plaintiff, the Court concluded that

MEMORANDUM OF DECISION–1

the promissory note was valid and enforceable under California law, and that Plaintiff had a right to collect on the note due to Debtor's bankruptcy filing. Doc. No. 73.

Because Plaintiff's adversary complaint included a prayer for attorney's fees and costs, at the conclusion of its decision, the Court permitted Plaintiff to file an application for fees and costs incurred in prosecuting this action. *Id.* Plaintiff filed the application, along with an affidavit and brief in support. Doc. Nos. 74–76. Debtor filed no objection to the fee and cost application.

Accordingly, after considering the record before it along with the applicable law, this decision resolves Plaintiff's application for fees and costs. Rule 7052; 9014.[1]

*Analysis*

A. Right to Recover Fees and Costs, Generally

There is no general right to recover attorney's fees under the Bankruptcy Code. *Renfrow v. Draper*, 232 F.3d 688, 693 (9th Cir. 2000) (citing *Kord Enters. II v. California Com. Bank (In re Kord Enters. II)*, 139 F.3d 684, 687 (9th Cir. 1998)); *Heritage Ford v. Baroff (In re Baroff)*, 105 F.3d 439, 441 (9th Cir. 1997) ("[A] prevailing party in a bankruptcy proceeding may be entitled to an award of attorney fees in accordance with applicable state law if state law governs the substantive issues raised in the proceedings.")). Federal courts generally follow the American Rule, which does not provide attorney's fees to a prevailing party except when required by contract or by

---

[1] Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, all "Rule" references are to the Federal Rules of Bankruptcy Procedure, Rules 1001-9037, and all "Civil Rule" references are to the Federal Rules of Civil Procedure.

MEMORANDUM OF DECISION–2

statute. *Stover v. Stover (In re Stover)*, No. 15-01145-TLM, 2016 WL 4538459, at *1 (Bankr. D. Idaho Aug. 30, 2016) (citing *Bertola v. Northern Wis. Produce Co. (In re Bertola)*, 317 B.R. 95, 99–100 (9th Cir. BAP 2004)).

Whether Plaintiff may recover attorney's fees and costs in this action is governed by state law, but only to the extent the fees were incurred litigating state law issues. *Beach v. Wells Fargo Bank, NA (In re Beach)*, No. ADV 10-8114-JDP, 2011 WL 4963003, at *2 (Bankr. D. Idaho Oct. 19, 2011); *Renfrow*, 232 F.3d at 694 ("[U]nder the rationale of *In re Baroff* and *In re Hashemi*,[2] if a divorce decree provides for the payment of attorney's fees, and state law issues are litigated in the bankruptcy proceedings, attorney's fees are available, but only to the extent that they were incurred litigating the state law issues."); *Kilborn v. Haun (In re Haun)*, 396 B.R. 522 (Bankr. D. Idaho 2008) (finding attorney's fees may be awarded to a party that establishes a debt in an adversary proceeding if the state court would allow fees for proving that same debt).

Here, the very purpose of this adversary proceeding was to collect on a promissory note governed by California law. As such, state law governs the substantive issues in the adversary proceeding. Therefore, the Court will consider whether California state law permits an award of attorney's fees in an action to collect on a promissory note.

B.  California Law

1. *Attorney's Fees*

California Civil Code § 1717 provides, in relevant part:

---

[2] *American Express Travel Related Serv. Co. Inc. v. Hashemi (In re Hashemi)*, 104 F.3d 1122 (9th Cir. 1997).

MEMORANDUM OF DECISION–3

> (a) In any action on a contract, where the contract specifically provides that attorney's fees and costs, which are incurred to enforce that contract, shall be awarded either to one of the parties or to the prevailing party, then the party who is determined to be the party prevailing on the contract, whether he or she is the party specified in the contract or not, shall be entitled to reasonable attorney's fees in addition to other costs.

Cal. Civil Code § 1717(a).

Applying this statute, courts have held that "[i]n an action on a contract that provides for attorney fees and costs, the party prevailing on the contract is entitled to reasonable attorney fees as well as other costs." *Yoon v. Cam IX Tr.*, 60 Cal. App. 5th 388, 392, 274 Cal. Rptr. 3d 506, 509 (2021); *In re Martin*, No. 2:17-BK-16996-ER, 2019 WL 3025248, at *12 (Bankr. C.D. Cal. July 10, 2019), *aff'd*, No. 2:17-AP-01587-ER, 2021 WL 825142 (9th Cir. BAP Mar. 3, 2021), *aff'd*, No. 21-60026, 2022 WL 135816 (9th Cir. Jan. 14, 2022) (citing *Santisas v. Goodin*, 17 Cal. 4th 599, 71 Cal. Rptr. 2d 830, 951 P.2d 399 (1998)).

It is evident, therefore, that California law provides for an award of attorney's fees to the prevailing party in an action to enforce a contract if the contract contains an attorney's fee provision. The promissory note executed by Debtor and Defendant includes such a provision:

> **IV. Additional Costs**
>
> In case of default in the payment of any principal or interest of this Promissory Note, Borrower will pay to Lender such further amount as will be sufficient to cover the cost and expenses of collection, including, without limitation, reasonable attorney's fees, expenses, and disbursements. These costs will be added to the outstanding principal and will become immediately due.

Ex. 100 (emphasis in original).

MEMORANDUM OF DECISION–4

The next question is whether the Plaintiff's action is based on the contract. "To determine whether an action is on the contract, we look to the complaint and focus on the basis of the cause of action. Any action that is based on a contract is an action on that contract regardless of the relief sought." *Yoon*, 60 Cal. App. 5th at 392–93, 274 Cal. Rptr. 3d at 510 (citing *Brown Bark III, L.P. v. Haver*, 219 Cal. App. 4th 809, 821–22, 162 Cal. Rptr. 3d 9 (2013) (internal citations omitted)). Because Plaintiff pursued this action in order to enforce the contract against Defendant, this was clearly an action based on the contract. Accordingly, because this was an action on the contract, and because the contract included an attorney's fees provision, Plaintiff, as the prevailing party, is entitled to an award of reasonable attorney's fees.

C.  Reasonableness of the Fees and Costs Sought

   *1. California Law*

Under California law, this Court has broad discretion in determining what constitutes reasonable attorney fees. *Las Vegas Land & Dev. Co. Inc. v. Money Unlimited LLC*, No. BC551124, 2018 WL 2604799, at *3 (Cal. Super. Feb. 01, 2018) (citing *PCLM Grp., Inc. v. Drexler,* 22 Cal. 4th 1084, 1095 (2000)). Reasonable attorney's fees are to be determined by considering what constitutes reasonable compensation for the services rendered, the nature of the litigation, its difficulty, the skill required and employed in handling the litigation, the success of the attorney's efforts, the attorney's learning, age, expertise, and the time spent. *Id.* (citing *Clayton Dev. Co. v. Faly*, 6 Cal. App. 3d 438, 447 (1988)); *Hadley v. Krepel*, 167 Cal. App. 3d 677, 682, 214 Cal. Rptr. 461, 464 (Ct. App. 1985). Moreover, as the trial court, this Court "is entitled

MEMORANDUM OF DECISION–5

to take all of the circumstances [of the case] into account and is not bound by the itemization claimed in the attorney's affidavit." *Hadley*, 167 Cal. App. 3d at 683, 214 Cal. Rptr. at 464.

An attorney's testimony as to the number of hours worked is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. *Town Square Properties v. W K S Restaurant Corp*, No. BC427779, 2013 WL 7022792, at *1 (Cal. Super. Dec. 26, 2013) (citing *Steiny & Co. v. Cal. Elec. Supply Co.*, 79 Cal. App. 4th 285, 293 (2000)). In this case, Plaintiff's counsel has submitted both time records and a declaration, which sufficiently carries his evidentiary burden in this regard. Moreover, Plaintiff's motion is unopposed.

  *2. Reasonableness Considerations*

The Court first looks at the nature of this case. While not overly complex in terms of the type of litigation, Plaintiff's task was made somewhat more difficult by Defendant's general lack of cooperation. Moreover, Defendant's refusal to testify at trial required Plaintiff's counsel to introduce the necessary evidence without him as a fact witness. The Court further acknowledges that both Daniel Green and Heidi Buck Morrison are partners at their law firm, and both have considerable expertise in handling matters for the bankruptcy trustee. The Court finds the rates charged to be fair and within what is typically charged by practitioners with counsel's experience and skill in the community before this Court. Finally, the Court has examined the time records attached to the Declaration of Daniel C. Green, and finds the services rendered and time charged

MEMORANDUM OF DECISION–6

to be reasonable and not excessive, duplicative, or unnecessary. The Court will therefore award attorney's fees to Plaintiff in the amount of $21,601.50.

*2. Costs*

The Court will next look at the costs sought by Plaintiff. To resolve this issue, the Court looks not to state law. Since costs are a procedural matter, they are taxed under LBR 7054.1. *Haun*, 396 B.R. at 534–35; *Hopkins v. Saratoga Holdings, LLC (In re Colvin),* 2008 WL 1957855 *7 (Bankr. D. Idaho May 2, 2008); *Oldemeyer v. Couch–Russell (In re Couch–Russell),* 04.1 I.B.C.R. 9, 11 (Bankr. D. Idaho 2004); *Thomason Farms, Inc. v. Tri–River Chemical Co. (In re Thomason Farms, Inc.),* 02.2 I.B.C.R. 107, 109 (Bankr. D. Idaho 2002). To comply with LBR 7054.1(a), a cost bill must itemize costs and be supported by a certificate of counsel attesting that the costs are correctly stated, were necessarily incurred, and are allowed by law. *Colvin*, 2008 WL 1957855 *7. Plaintiff's submissions comply with the requirements of the local rule. The cost bill contains four entries:

| Date Incurred | Amount | Reason |
|---|---|---|
| April 22, 2021 | $ 350.00 | Adversary Filing Fee |
| May 25, 2022 | $ 219.84 | Deposition Transcript – Shannon Fasano |
| June 29, 2022 | $ 775.51 | Depo. Transcript – Kristopher Grant |
| August 5, 2022 | $ 280.90 | Deposition Transcript – Gary Rainsdon |
| Total Costs | $ 1,626.25 | |

Doc. No. 76.

MEMORANDUM OF DECISION–7

Under LBR 7054.1(c)(1), the adversary filing fee is a permissible cost. Deposition costs are also allowable where the prevailing party was the noticing party, and costs of a copy of a deposition will be allowed where the prevailing party was not the noticing party. *Id.* at (c)(3)(A)–(B). Because Plaintiff's cost bill includes only the fees for the transcript costs, those costs are allowed. In sum, the Court will allow $1,626.25 in costs.

### *Conclusion*

Based upon the foregoing analysis, Plaintiff is entitled to attorney's fees under California law in the amount of $21,601.50, and costs under LBR 7054.1 in the amount of $1,626.25. The total of the fees and costs awarded are $23,227.75.

The Court will enter an amended judgment reflecting the addition of the fees and costs awarded in this decision.

DATED: March 1, 2023

_____
JOSEPH M. MEIER
CHIEF U. S. BANKRUPTCY JUDGE

MEMORANDUM OF DECISION–8