UNITED STATES BANKRUPTCY COURT
DISTRICT OF IDAHO

| In Re:<br><br>SHANNON ROSE FASANO,<br><br>　　　　　Debtor. | Bankruptcy Case<br>No. 20-00372-JMM |
|---|---|
| GARY L. RAINSDON,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>KRISTOPHER GRANT,<br><br>　　　　　Defendant. | Adv. Proceeding<br>No. 21-06005-JMM |

MEMORANDUM OF DECISION

Appearances:

　　Kristopher Grant, San Diego, California, Debtor/Appellant.

　　Gary L. Rainsdon, Twin Falls, Idaho, chapter 7 trustee.

　　Heidi Buck Morrison, RACINE OLSON, PLLP, attorney for trustee.

*Introduction*

Plaintiff/Appellee Gary L. Rainsdon commenced this adversary proceeding to collect on a promissory note. The Court conducted a trial, after which the Court entered a Memorandum Decision on January 10, 2023, finding in favor of the Plaintiff and against Defendant/Appellant Kristopher Grant. Doc. No. 73. The Court asked Plaintiff to

MEMORANDUM OF DECISION–1

submit a proposed judgment, which the Court entered on January 26, 2023, providing for judgment against Defendant in the principal amount of $31,250, accrued interest of $2,081.42 and penalties in the amount of $1.562.50. Doc. No. 77.

In the Court's decision, it noted that Plaintiff's complaint included a prayer for costs and fees and the Court permitted Plaintiff to file a memorandum of costs and fees for its consideration, and also provided Defendant an opportunity to object. Doc. No. 73. Plaintiff filed a cost bill, a memorandum, and an affidavit in support. Doc. Nos. 74–76. Defendant filed no objection. Subsequently, on March 1, 2023, this Court entered a memorandum of decision granting Plaintiff fees and costs as sought and entered an amended judgment that same day. Doc. Nos. 79 & 80.

Appellant filed a notice of appeal on February 27, 2023.[1] Doc. No. 82. The appeal was filed 32 days after the Court entered the first Judgment. Although the appeal was filed two days after the Appellee filed the bill of costs and accompanying memorandum and affidavit, the appeal does not reference the fee request.

Accompanying the notice of appeal is a Motion for Appeal Against the Decision of Bankruptcy Court Dated January 10, 2023 ("Motion"). Doc. No. 82. The Motion states, "The Appellant is filing this instant appeal under the doctrine of excusable neglect. The Appellant had been traveling and therefore did not receive the copy of the

---

[1] Appellant filed the notice of appeal with the Ninth Circuit on February 27, 2023, as reflected by the affixed time stamp. The Circuit then forwarded the appeal to the Ninth Circuit Bankruptcy Appellate Panel the following day, as reflected in the February 28, 2023 time stamp affixed by the BAP. The bankruptcy court clerk then transmitted the appeal to the BAP. Pursuant to Rule 8002(a)(4), if a notice of appeal is mistakenly filed in another court, the notice is treated as being filed on the date it was received by that court. As such, for the purposes of Appellant's motion, the Court will consider the appeal as having been filed on February 27, 2023.

MEMORANDUM OF DECISION–2

Bankruptcy Court Judgement within the timeframe of filing the notice of appeal in a timely manner." *Id.* at ¶ 7.

On March 21, 2023, the BAP entered an Order of Remand to this Court, as Rule 8002(d)(1) [2] provides that it is the Bankruptcy Court that may extend the time to file a notice of appeal. Doc. No. 87. Subsequently, the Court set the Motion for hearing on March 31, 2023, and permitted the parties to file any desired briefs or declarations on or before the day prior to the hearing. Doc. No. 88.

On March 30, 2023, Appellee filed a timely objection to the Motion, as well as a Declaration in support. Doc. Nos. 90–91. The crux of Appellee's argument is that Appellant has not demonstrated excusable neglect by sworn declaration or otherwise through evidence which this Court may consider, and as such, the Motion should be denied.

The docket reflects no submissions by Appellant in response to the Court's order and notice of hearing. Appellant did, however, attend the March 31, 2023, telephonic hearing and indicated he filed something in response to the Court's order prior to the hearing. As of the date of this decision, that response has not yet reached the courthouse. The hearing proceeded, with both parties arguing their positions, after which the Court took the Motion under advisement. Shortly after the hearing concluded, Appellee filed a written supplement to the arguments presented during the hearing.

---

[2] Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, all "Rule" references are to the Federal Rules of Bankruptcy Procedure, Rules 1001-9037, and all "Civil Rule" references are to the Federal Rules of Civil Procedure.

MEMORANDUM OF DECISION–3

After considering the record before it along with the applicable law, this decision resolves Appellant's motion to extend time to file the appeal. Rule 7052; 9014.

*Analysis*

Rule 8002 governs the time for filing appeals from decisions of the bankruptcy court and generally provides that a notice of appeal must be filed "within 14 days after entry of the judgment, order, or decree being appealed." Rule 8002(a)(1). Believing the notice of appeal he filed on February 27, 2023, was untimely under this Rule, Appellant filed the instant Motion to extend the time in which to file the appeal.

Although he orally raised concerns rooted in notice, due to his being out of the country, Appellant fully participated in the hearing. During the argument, Appellant was both belligerent and disrespectful to the Court and opposing counsel. Nevertheless, he argued in favor of the Motion, specifically: 1) Appellant's address on the Court's docket is incorrect, putting in question his receipt of the Court's decisions, orders, and judgments, thus making it difficult to timely file the appeal; and 2) he did not receive notice of the first judgment in time to file an appeal within fourteen days because he has been in Asia since January, and proffered that he was currently in Thailand at the time of the March 31st hearing. In addition to those two arguments, the Court has also identified a third path by which the Motion may be resolved. All three arguments are discussed below.

A.  Notice

Regarding the first argument, the Court notes that while Appellant and Appellee have stipulated to notice via email, see Doc. No. 50, the Court did not sign that

MEMORANDUM OF DECISION–4

stipulation, nor is notice by email a proper method by which the Court can serve a party. At Appellant's request and as a *courtesy*, the Court has generally sent a copy of its decisions and order to Appellant by email, with Appellee and his counsel in copy, as evidenced in Appellee's Declaration. Doc. No. 91. Moreover, despite concerns about being out of the country and about an incorrect address on the docket, Appellant did in fact receive the January 10, 2023 memorandum decision from which he appealed. Doc. No. 91 at Ex. A. The following day, on January 11, 2023, Appellant emailed the Court's courtroom deputy and asked about how to file an appeal, *id.* at Ex. B, to which the courtroom deputy directed the Appellant to the resources available on the Court's website, *id.* at Ex. C. Thus, while Appellant argues notice was an issue, the record is clear that he did, in fact, receive notice in which to timely file the appeal.

B.  Finality of January 26, 2023 Judgment

Jurisdiction over an appeal from an order of a bankruptcy court is governed by 28 U.S.C. § 158. That section vests jurisdiction in the district court or BAP to hear appeals from "final judgments, orders, and decrees, and, with leave of the court, from interlocutory orders and decrees, of bankruptcy judges." 28 U.S.C. §§ 158(a) & (4). Thus, only "final" rulings of the bankruptcy court may be appealed as of right, helping to prevent piecemeal litigation, conserve judicial energy, and eliminate delays caused by interlocutory appeals. *Catlin v. United States,* 324 U.S. 229, 233–34, 65 S. Ct. 631, 634, 89 L.Ed. 911 (1945) ("The case is not to be sent up in fragments.").

A final decision is one that "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Catlin,* 324 U.S. at 233, 65 S. Ct. at 633;

MEMORANDUM OF DECISION–5

*see* 9 James W. Moore et al., *Moore's Federal Practice* ¶ 110.08[1] (2nd ed. 1990) (final judgment "disposes of the entire litigation ... or ... disposes of a complete claim for relief or all the claims of a party").

The Ninth Circuit has adopted a "pragmatic approach" to finality in bankruptcy cases, which focuses on whether the decision appealed from "effectively determined the outcome of the case." *Elliott v. Four Seasons Props. (In re Frontier Props., Inc.,* 979 F.2d 1358, 1363 (9th Cir. 1992) (quoting *Mason v. Integrity Ins. Co. (In re Mason),* 709 F.2d 1313, 1318 (9th Cir. 1983)). Specifically, "[a] bankruptcy court order is final and thus appealable 'where it 1) resolves and seriously affects substantive rights and 2) finally determines the discrete issue to which it is addressed.'" *Law Offices of Nicholas A. Franke v. Tiffany (In re Lewis),* 113 F.3d 1040, 1043 (9th Cir. 1997) (quoting *In re Frontier Props., Inc.)*, 979 F.2d at 1363). "[T]raditional finality concerns nonetheless dictate that we avoid having a case make two complete trips through the appellate process." *Id.* (internal quotation marks and citations omitted). *Schulman v. California (In re Lazar)*, 237 F.3d 967, 985 (9th Cir. 2001).

In *Bullard v. Blue Hills Bank*, the Supreme Court explained the rationale behind the rule of finality:

> Avoiding … delays and inefficiencies is precisely the reason for a rule of finality. It does not make much sense to define the pertinent proceeding so narrowly that the requirement of finality would do little work as a meaningful constraint on the availability of appellate review.

575 U.S. 496, 504, 135 S. Ct. 1686, 1693, 191 L.Ed.2d. 627 (2015); *In re Heartwise, Inc.*, No. 8:20-BK-13335-MW/SC, 2022 WL 18213523, at *4–5 (C.D. Cal. Dec. 5, 2022).

MEMORANDUM OF DECISION–6

Here, this Court's first memorandum decision and judgment determined Appellant's liability on the first claim for relief, which sought a money judgment, but not the second claim, which sought attorney's fees and costs. As Appellee pointed out in his supplemental brief, generally, a claim for attorney's fees is not part of the merits of the action, and awards of costs and fees do not affect the finality of judgment. *Budinich v. Becton Dickinson & Co.*, 486 U.S. 196, 200, 108 S. Ct. 1717, 1721, 100 L. Ed. 2d 178 (1988); *Hrabko v. Provident Life & Acc. Ins. Co.*, No. 05-15924, 2007 WL 1112618, at *1 (9th Cir. Apr. 12, 2007). Thus, the time for appeal is generally not extended in order to tax costs or award fees. This Court may order otherwise, however, pursuant to Civil Rule 58(e), applicable in bankruptcy adversary proceedings according to Rule 7058. *Stephanie-Cardona LLC v. Smith's Food & Drug Ctrs., Inc.*, 476 F.3d 701, 705 (9th Cir. 2007) ("The time to appeal is not extended unless the district court, pursuant to its authority under [Civil Rule 58(e)], orders than an attorney's fees motion has the effect of delaying the clock for filing the notice of appeal."); *Nutrition Dist., LLC v. IronMag Labs, LLC*, 978 F.3d 1068, 1071 (9th Cir. 2020) (motion for attorney's fees does not extend the time to appeal from the final judgment unless the district court so orders); *Kreb v. Jacksons Food Stores, Inc.*, No. 3:16-CV-00444-REP, 2021 WL 6135565, at *4 (D. Idaho Dec. 29, 2021).

Under the circumstances of this case, however, the Court may have contributed to the confusion over this issue. In its initial memorandum decision, the Court specifically referenced the claim for fees and costs, stating:

MEMORANDUM OF DECISION–7

> As Plaintiff's complaint also seeks attorney's fees and costs, Plaintiff is directed to lodge a supplemental filing detailing such fees and costs, and the legal authority therefore, no later than January 24, 2023. Defendant shall have until February 3, 2023 in which to object to such fees and costs, after which the Court will resolve any objections and enter Judgment against Defendant and in favor of Plaintiff.

Doc. No. 73 at p. 10. As such, it is clear the Court anticipated and permitted a supplemental filing to establish the costs and fees requested, provided for an opportunity for Appellant to object, and specifically indicated it would enter a judgment reflecting any costs and fees awarded. Indeed, the memorandum of costs had already been filed by Appellee when the Court entered the first judgment. Under these facts, the Court impliedly, though not explicitly, extended the time to appeal until it entered a final judgment that included the amounts of costs and reasonable attorney's fees awarded.

Because the January 26, 2023, judgment was not final, the appeal clock did not begin to run until the second judgment was entered, which resolved all issues raised by the Appellee in his complaint. As a result, the Appellant's February 27, 2023 notice of appeal was timely[3] and the Motion was unnecessary. Accordingly, under this analysis, the Motion is denied as moot.

C. Extension under Rule 8002

In the event the January 26, 2023, judgment was final and an extension of time is necessary, the Court will consider Appellant's Motion on the merits. As noted above,

---

[3] Pursuant to Rule 8002(a)(2), a notice of appeal filed after this Court announced a decision but before entry of the judgment is treated as filed on the date of the entry of the judgment. As the Court had announced its decision on the merits of the trial and that it would consider an award of attorney's fees to the Appellee, Rule 8002(a)(2) applies.

MEMORANDUM OF DECISION–8

Rule 8002 governs the time for filing appeals from decisions of the bankruptcy court and generally provides that a notice of appeal must be filed "within 14 days after entry of the judgment, order, or decree being appealed." Rule 8002(a)(1). This deadline may be extended by the bankruptcy court if a party files a motion within the 14-day appeal window, however the Rule allows for an additional twenty-one-day window (for a total of thirty-five days) during which the bankruptcy court may grant a late-filed motion to extend time, but only if the moving party demonstrates that its neglect in not filing a timely motion was "excusable." Rule 8002(d)(1). The party requesting an extension of time bears the burden of proving the existence of excusable neglect. *Key Bar Invs., Inc. v. Cahn (In re Cahn)*, 188 B.R. 627, 631 (9th Cir. BAP 1995); *Chatha v. Westates Holdings, LLC (In re Chatha)*, No. AP 17-02205, 2020 WL 2991775, at *3 (9th Cir. BAP June 1, 2020). This is the basis of Appellant's Motion.

Again, assuming the first judgment is a final order, the Court concludes Appellant's Motion is timely, so long as excusable neglect is demonstrated. The first judgment was entered on January 26, 2023, and Appellant filed the Motion 32 days later, on February 27, 2023. Absent an extension of time, the deadline to file the appeal would have lapsed fourteen days after January 26, or on February 9, 2023. Under Rule 8002(d)(1)(B), however, Appellant's Motion is timely until March 2, 2023, upon a showing of excusable neglect.

As the question turns upon excusable neglect, the Court will consider what showing must be made. In 1993, the Supreme Court considered the meaning of excusable neglect in the context of a motion brought under Rule 9006(b)(1). *Pioneer Inv.*

MEMORANDUM OF DECISION–9

*Servs. Co. v. Brunswick Associated Ltd. P'ship*, 507 U.S. 390, 113 S. Ct. 1489, 123 L.Ed.2d 74 (1993). This same analysis applies to motions to extend the time to file notices of appeal under both Fed. R. App. P. 4(a)(5) and Rule 8002(d)(1)(B). *Marx v. Loral Corp.*, 87 F.3d 1049, 1054 (9th Cir. 1996), *overruled on other grounds by Lacey v. Maricopa Cty.*, 693 F.3d 896 (9th Cir. 2012) (applying Fed. R. App. P. 4(a)(5)); *Warrick v. Birdsell (In re Warrick)*, 278 B.R. 182, 185 (9th Cir. BAP 2002) (applying former Rule 8002(c)).

*Pioneer* instructs that excusable neglect "encompass[es] situations in which the failure to comply with a filing deadline is attributable to negligence," *Pioneer*, 507 U.S. at 394, and includes "omissions caused by carelessness," *id.* at 388. The determination of whether neglect is excusable "is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's (or its lawyer's) omission." *Id.* at 395. Factors this Court should weigh are: (1) danger of prejudice to the non-moving party; (2) length of the delay caused by the neglect, and its potential impact on judicial proceedings; (3) reason for the delay, including whether it was within the movant's reasonable control; and (4) whether the movant acted in good faith. *Id.*

The Court must fully consider each of these factors. *United States v. Close*, No. 2:03-CR-00069-BLW, 2021 WL 2269973, at *5 (D. Idaho June 3, 2021) (citing *Washington v. Ryan*, 833 F.3d 1087, 1098 (9th Cir. 2016)). "No one factor is more important than the other, and the weighing of the equitable *Pioneer* factors is left to the discretion of the [] court." *Id.; Pincay v. Andrews*, 389 F.3d, 853, 860–61 (9th Cir. 2004) (en banc) (Berzon, J., concurring). In conducting its analysis, this Court is to consider all

MEMORANDUM OF DECISION–10

relevant circumstances surrounding the neglect, bearing in mind that no "single circumstance in isolation compels a particular result regardless of the other factors." *Pincay*, 389 F.3d at 856-57 (quoting *Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 382 n.2 (9th Cir. 1997)); *Bauman v. Billingslea, (In re Bauman)*, No. BAP SC-19-1060-LGS, 2020 WL 1672770, at *2 (9th Cir. BAP Apr. 6, 2020).

The excusable neglect Appellant offers is that he "had been traveling and therefore did not receive the copy of the Bankruptcy Court's Judgement within the timeframe of filing the notice of appeal in a timely manner." Motion, Doc. No. 82 at ¶ 7.[4]  During the hearing, Appellant orally stated that he had been out of the country since January and was currently in Thailand.  This Court has no evidence, however, that Appellant was out of town during the pertinent time frame between when the judgment was entered and the fourteen days following that date.  Appellant is representing himself.  While pro se parties are required to understand the law and rules, Appellant's lack of an attorney may be a partial reason for his failure to timely appeal or provide a better record despite the Court's invitation to do so.[5]  Nevertheless, in light of the *Pioneer* factors, the Court finds Appellant has adequately demonstrated excusable neglect.

---

[4] While there is evidence in the record demonstrating that Appellant received the memorandum decision entered January 10, 2023, prompting his request for information the following day, there is no evidence when Appellant received the January 26, 2023, judgment.

[5] In the Notice of Hearing, the Court indicated it would set the Motion for hearing and "provide a deadline for the filing of briefs and/or declarations." Doc. No. 88.  The accompanying Order additionally stated "the parties shall simultaneously file any briefs and/or declarations for the Court's consideration" by a specific date. *Id.*

MEMORANDUM OF DECISION–11

The Court first considers the danger of prejudice to the non-moving party. The Appellee in this case will certainly be prejudiced, as he will have to defend the appeal should this Court conclude excusable neglect is demonstrated and the extension may be granted. Appellee will also have to undertake the expense of the appeal, which will ultimately be borne by the creditors. Arguing that Appellee will have to spend time and money on defending what is otherwise a barred appeal is unavailing, however, because the Ninth Circuit has determined that when applying the *Pioneer* factors, "[p]rejudice requires greater harm than simply that relief would delay resolution of the case." *St. John v. Kootenai Cnty., Idaho*, No. 2:21-CV-00085-BLW, 2022 WL 1748267, at *4 (D. Idaho May 31, 2022) (quoting *Lemoge v. United States*, 587 F.3d 1188, 1196 (9th Cir. 2009)); *Mangeac v. Armstrong*, No. 1:08-CV-239-BLW, 2010 WL 4117054, at *5 (D. Idaho Oct. 19, 2010). Beyond the delay and expense of an appeal, Appellee has demonstrated no other prejudice. This factor weighs in favor of Appellant.

The second factor is the length of the delay caused by the neglect, and its potential impact on judicial proceedings. This factor weighs in favor of Appellant, as the delay was very minimal—less than a month. The next factor asks the Court to consider the reason for the delay, including whether it was within the movant's reasonable control. The movant certainly controlled his own schedule and was aware that a decision from the Court would be forthcoming. It was his responsibility to arrange for someone to examine his mail or otherwise gain electronic access, such as through PACER, to the Court's docket so as to not miss a deadline. This factor favors Appellee.

MEMORANDUM OF DECISION–12

Lastly, *Pioneer* has the Court consider whether the movant acted in good faith. In interpreting *Pioneer*, the Ninth Circuit observed that "a district court may find neglect 'excusable' if it is caught quickly, hurts no one, and is a real mistake, rather than one feigned for some tactical reason — *even if* no decent lawyer would have made that error." *Pincay* 389 F.3d at 860 (Berzon, J., concurring) (emphasis in original); *Erdman v. Calvert (In re Nw. Territorial Mint, LLC)*, No. AP 16-1217-CMA, 2018 WL 6187762, at *3 (9th Cir. BAP Nov. 27, 2018).

The Court finds that Appellant acted in good faith. There is no evidence that the delay is for any sort of tactical reason, indeed, he filed the Motion very shortly after the deadline lapsed and filed the notice of appeal along with it. Moreover, that Appellant is often out of town and without access to mailed documents has been an issue during the course of this litigation. *See* Doc. No. 35 at ¶¶ 3–5, 11 (Dec. of Appellant in Opp. to Motion for Default Judgment); 50 (Stipulation between Appellant and Appellee for electronic service of pleadings in this case). While not a valid excuse, it does explain the delay in some measure, bolstering a finding of good faith under these circumstances. This factor favors Appellant.

In sum, the Court finds that three of the four *Pioneer* factors weigh in favor of finding excusable neglect sufficient to permit Appellant to file the Motion within the 21-day period under Rule 8002(d)(1)(B). Because the motion was timely filed within that window, the Court may consider whether the extension ought to be granted. The Rule provides that if the motion is timely filed, the Court *may* extend the time to file the

MEMORANDUM OF DECISION–13

appeal.  While a discretionary call on the part of the Court, there is no basis upon which to deny Appellant the extension sought.  As such, the Motion is granted.

## *Conclusion*

Appellant's argument regarding notice is not particularly compelling.  Applying a finality analysis to the January 26, 2023, judgment or, alternatively, considering whether excusable neglect has been shown in light of the *Pioneer* factors, the Court concludes that Appellant prevails.  If the January 26, 2023, judgment was not final, then the appeal is timely and no extension is necessary.  On the other hand, if that judgment was final, the Court concludes the *Pioneer* factors weigh in favor of a finding of excusable neglect, and as such, Appellant's motion for extension of time to file the notice of appeal is timely filed and the Court holds it is properly granted.

Accordingly, for these alternative reasons the Court concludes Appellant's notice of appeal is timely filed.  A separate order will be entered.



DATED:  April 3, 2023

_____
JOSEPH M. MEIER
CHIEF U. S. BANKRUPTCY JUDGE

MEMORANDUM OF DECISION–14